**FILED**
JUN 2 0 2018
PETER A. MOORE, JR. CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| **HELEN C. CASHWELL, Trustee;** } | |
| } | |
| **BRAD R. JOHNSON;** } | |
| } | |
| **ELCI WIJAYANINGSIH;** } | File No. 7:18-CV-109-FL |
| } | |
| **Plaintiffs,** } | |
| } | |
| **v.** } | **Original Complaint** |
| } | **under** |
| } | **42 U.S.C. § 1983** |
| **TOWN OF OAK ISLAND,** } | |
| **NORTH CAROLINA;** } | |
| **DAVID KELLY, in his individual** } | |
| **Capacity;** } | |
| **DAVID HATTEN, in his individual** } | |
| **Capacity;** } | |
| **KATIE COLEMAN, in her individual** } | **Jury Trial Demanded** |
| **Capacity;** } | |
| } | **Verification** |
| **Defendants.** } | |

## ORIGINAL COMPLAINT AND
## DEMAND FOR JURY TRIAL

Plaintiffs [Ms. Helen C. Cashwell, Trustee (hereinafter referred to as Plaintiff

**CASHWELL**); Dr. Brad R. Johnson (hereinafter referred to as Plaintiff **JOHNSON**); and Ms.

Elci Wijayaningsih (hereinafter referred to as Plaintiff **WIJAYANINGSIH**)], individually and

as representative of a class of undeveloped parcel owners within the Sewer Treatment District of

the Town of Oak Island, North Carolina (N.C.) for property tax years 2015-2017, complain

against Defendants [Town of Oak Island, N.C. (hereinafter referred to as Entity Defendant

**TOWN**); Mr. David Kelly (hereinafter referred to as Defendant **KELLY**); Mr. David Hatten

(hereinafter referred to as Defendant **HATTEN**); and Ms. Katie Coleman (hereinafter referred to

1

as Defendant **COLEMAN**)] and allege on knowledge, with respect to themselves and their own conduct, and upon the basis of information and belief, as to all other matters, as follows.

### NATURE OF THE ACTION
### CIVIL RIGHTS ACTION UNDER 42 U.S.C. 1983

1. This action *arises* out of **schemes and artifices** executed by Defendants **KELLY**, **HATTEN** and **COLEMAN** (hereinafter collectively known as the **Individual Town Defendants**) under color of entity Defendant **TOWN** law to unlawfully deprive the class of undeveloped parcel owners within the Sewer Treatment District of the Town of Oak Island, NC, for property tax years 2015-2017, including Plaintiffs **CASHWELL, JOHNSON** and **WIJAYANINGSIH** (hereinafter collectively known as the **Individual Plaintiffs**), of their civil rights guaranteed by the U.S. Constitution. Specifically, Counts One of this Complaint is a civil rights claim for money damages and declaratory and permanent injunctive relief under the United States Constitution, particularly pursuant to the provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly pursuant to Title 42 of the United States Code, Section 1983 and Title 28 of the United States Code, Sections 2201 and 2202, brought by each of the **Individual Plaintiffs**, individually and as representative of the class of undeveloped parcel owners within the Sewer Treatment District of the Town of Oak Island, N.C., against:

   (a) each of the **Individual Town Defendants** for money damages (actual and punitive),

   (b) Entity Defendant **TOWN** for actual damages and

   (c) Entity Defendant **TOWN** to permanently enjoin said Defendant from prospectively
   levying the recurring, annual Sewer Treatment District Fee/Tax [a benefits-based tax
   established under Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as
   amended by S.L. 2006-54) for the "availability of sewer service within the district"]

against the class of undeveloped parcel owners within the Sewer Treatment District of the Town of Oak Island, N.C.,

in that the Sewer Treatment District Fee/Tax [a benefits-based tax established under Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for the "availability of sewer service within the district"] as applied by the **Individual Town Defendants** to the class of undeveloped parcel owners, including each of the **Individual Plaintiffs**, for property tax years 2015-2017, is confiscatory in nature and thereby a regulatory taking of property without just compensation in violation of the Fifth (through the Substantive Due Process Clause of the Fourteenth) Amendment to the U.S. Constitution, because, for property tax years 2015-2017, sewer treatment services, in the present tense, were not available to undeveloped parcels within the Sewer Treatment District, i.e., for property tax years 2015-2017, sewer treatment services, in the present tense, could not and did not provide a special benefit to owners of undeveloped parcels within the Sewer Treatment District. Count Two of this Complaint is a civil rights claim for money damages and declaratory and permanent injunctive relief under the United States Constitution, particularly pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, and under federal law, particularly pursuant to Title 42 of the United States Code, Section 1983 and Title 28 of the United States Code, Sections 2201 and 2202, brought by each of the **Individual Plaintiffs**, individually and as representative of the class of undeveloped parcel owners within the Sewer Treatment District of the Town of Oak Island, N.C., against:

(a) the **Individual Town Defendants** for money damages (actual and punitive),

(b) Entity Defendant **TOWN** for actual damages and

3

(c) Entity Defendant **TOWN** to permanently enjoin said Defendant from prospectively levying a recurring, annual Sewer Treatment District Fee/Tax [a benefits-based tax established under Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for the "availability of sewer service within the district"] against both developed and undeveloped parcel owners within the Sewer Treatment District of the Town of Oak Island, N.C. (hereinafter, "Sewer Treatment District"), where Entity Defendant **TOWN** simultaneously issues a credit to the private owners of developed parcels in the amount of the Sewer Treatment District Fee/Tax on each year's property tax statement,

in that, in executing Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for property tax years 2015-2017, each of the **Individual Town Defendants** intentionally and purposefully conspired to establish (and, in fact, established) a tax classification scheme, based upon a tax parcel's status as developed or undeveloped [where the **Individual Town Defendants** initially levied a recurring, annual Sewer Treatment District Fee/Tax of $803.82 against both developed and undeveloped parcel owners within the Sewer Treatment District, but where said Defendants simultaneously issued a credit in the amount of the recurring, annual Sewer Treatment District Fee/Tax of $803.82 to private owners of developed parcels on each year's property tax statement because undeveloped parcel owners paid less in prior years], that **facially** and **impermissibly** (as applied) deprived each owner of an undeveloped parcel, including each of the **Individual Plaintiffs**, of Equal Protection of the law, in violation of the Equal Protection Clause, U.S. Const. amend. XIV, § 1.

## PARTIES

2. **Helen C Cashwell, Trustee.** At all times relevant to the allegations in this Complaint, Plaintiff **CASHWELL** resided at 3407 E. Yacht Drive, Oak Island, NC 28465. Plaintiff **CASHWELL** is retired and is a former mayor of Entity Defendant **TOWN**. Finally, for property tax years 2015-2017, Plaintiff **CASHWELL** owned an undeveloped parcel (ID 235KL033) and a developed parcel (ID 235KI029) within the Sewer Treatment District of Entity Defendant **TOWN**.

3. **Brad R. Johnson, Ph.D., J.D., CPA (Inactive, OR, #4278).** At all times relevant to the allegations in this Complaint, Plaintiff **JOHNSON** resided at 111 SE 14th Street, Oak Island, NC 28465. Professionally, at all times relevant to the allegations in this Complaint, Plaintiff **JOHNSON** was (and is) employed by the State of South Carolina as a tenured Associate Professor of Accounting (and Accounting Program Coordinator) at Francis Marion University (FMU) with his principal place of business at 260 Founders Hall in the School of Business, Francis Marion University, Box 100547, Florence, SC 29502, telephone number (843) 661-1427. Specifically, Brad R. Johnson, Ph.D., J.D., C.P.A. (Inactive, OR, #4278) (a) has been teaching Federal Taxation at the University Graduate and Undergraduate levels for over 35 years and (b) has been a licensed (active or inactive) C.P.A. for over 35 years. Finally, for property tax years 2015-2017, Plaintiff **JOHNSON** owned an undeveloped parcel (ID 236OF019) and a developed parcel (ID 250CF009) within the Sewer Treatment District of Entity Defendant **TOWN**.

4. **Elci Wijayaningsih.** At all times relevant to the allegations in this Complaint, Plaintiff **WIJAYANINGSIH** resided at 111 SE 14th Street, Oak Island, NC 28465. Also, for property tax years 2015-2017, Plaintiff **WIJAYANINGSIH** owned an undeveloped parcel (ID

236OF019) and a developed parcel (ID 250CF009) within the Sewer Treatment District of Entity Defendant **TOWN**.

5. **Town of Oak Island**. Entity Defendant **TOWN**, acting through its agents (including each of the **Individual Town Defendants**) was (and is) at all times mentioned herein, a governmental subdivision of the State of North Carolina, with its principal place of business at 4601 East Oak island Drive in Oak Island, NC 28465, where entity Defendant **TOWN** has appointed the following person as its authorized agent to accept service of process: Mr. David Kelly, Town Manager; 4601 East Oak Island Drive, Oak Island, NC 28465, tel. (910) 201-8002.

6. **David Kelly**. Defendant **KELLY** is being sued in his individual, personal capacity and not in his official capacity as an employee/agent of Entity Defendant **TOWN**. However, Defendant **KELLY** was (and is) at all times mentioned herein, the Town Manager of Entity Defendant **TOWN** with his principal place of business located at 4601 East Oak Island Drive in Oak Island, NC 28465, tel. (910) 201-8002.

7. **David Hatten**. Defendant **HATTEN** is being sued in his individual, personal capacity and not in his official capacity as an employee/agent of Entity Defendant **TOWN**. However, Defendant **HATTEN** was (and is) at all times mentioned herein, the Finance Director of Entity Defendant **TOWN** with his principal place of business located at 4601 East Oak Island Drive in Oak Island, NC 28465, tel. (910) 201-8016.

8. **Katie Coleman**. Defendant **COLEMAN** is being sued in her individual, personal capacity and not in her official capacity as an employee/agent of Entity Defendant **TOWN**. However, Defendant **COLEMAN** was (and is) at all times mentioned herein, the Tax Collector of

Entity Defendant **TOWN** with her principal place of business located at 4601 East Oak Island Drive in Oak Island, NC 28465, tel. (910) 201-8013.

## FACTUAL BASIS FOR CLAIM

### ENTITY DEFENDANT TOWN

9. **Entity Defendant TOWN is a Governmental Agency.** Entity Defendant **TOWN** is a municipal corporation that was duly created and chartered by the N.C. General Assembly for administrative purposes, where the N.C. General Assembly retains control and supervision over Entity Defendant **TOWN** as a municipal corporation. Entity Defendant **TOWN** has only those powers expressly granted by legislative enactment and those powers implied therefrom. The N.C. General Assembly enacts general laws and local acts. A general law applies to all units of local government. A local act applies to a limited number of municipalities. In particular, the N.C. General Assembly may enact local legislation, where particular powers are conferred upon a unit of local government, e.g., Entity Defendant **TOWN**. Within this context, the N.C. General Assembly must declare the policy of the law, fix legal principles which are to control in given cases, and provide adequate standards for the guidance of the local government (e.g., Entity Defendant **TOWN**) empowered to execute the law. Thus, while the N.C. General Assembly may delegate the power to find facts or determine the existence or nonexistence of a factual situation or condition on which the operation of a law is made to depend, it cannot vest in the local government (e.g., Entity Defendant **TOWN**) the power to apply or withhold the application of the law in its absolute or unguided discretion. Finally, if there is reasonable doubt with regard to the existence of such power in a particular instance, such doubt must be resolved against the unit of local government (e.g., Entity Defendant **TOWN**), where said power is denied.

10. **Entity Defendant TOWN has no Inherent Power of Taxation.** In particular, Entity Defendant **TOWN** has no inherent power of taxation. Accordingly, all power of taxation, including local assessments (i.e., benefits-based taxes), must be derived by Entity Defendant **TOWN** from legislative enactment. Furthermore, all power of taxation derived by Entity Defendant **TOWN** from legislative enactment is subject to further restriction and regulation by legislative enactment. Because Entity Defendant **TOWN** derives its power of taxation from the legislature, it cannot argue that certain enabling legislation is lacking in breadth. Specifically, the N.C. General Assembly has the power to control the finances of Entity Defendant **TOWN** in terms of the nature and amount of particular revenue appropriations.

## ENTITY DEFENDANT TOWN CONSTRUCTED ITS SEWER SYSTEM, WHICH WAS FINANCED, IN PART, BY A ONE-TIME BENEFITS-BASED TAX (I.E., SEWER ASSESSMENT)

11. **Construction of the Sewer System was Financed, in Part, by Sewer Assessments Paid by Owners of All Benefitted Parcels, including Parcels within the Boundaries of the Sewer Treatment District.** The N.C. General Assembly has enacted general laws [North Carolina General Statutes (NCGS) 160A-216 through 160A-239] allowing municipalities, including Entity Defendant **TOWN**, to levy a one-time benefits-based tax (i.e., sewer assessment) on parcel owners receiving a special benefit of potentially increasing parcel values resulting from the construction of a sewer system. Pursuant to this general law, Entity Defendant **TOWN** financed, in part, the construction of its sewer system by levying and collecting a one-time sewer assessment (i.e., a tax for a local benefit of potentially increasing parcel values resulting from the construction of the sewer system) in the amount of $4200 per parcel from benefitted parcel owners, including those developed and undeveloped parcel owners within the boundaries of the Sewer Treatment District.

**ENTITY DEFENDANT TOWN CONSTRUCTED AND OPERATED
ITS SEWER SYSTEM, WHICH WAS FINANCED, IN PART, BY A
RECURRING, ANNUAL BENEFITS-BASED TAX
(I.E., THE SEWER DISTRICT FEE/TAX)**

12. **The N.C. General Assembly has Authority to Pass Enabling Local Legislation, authorizing a Municipality to Establish a Special District and to Levy a Benefits-Based Tax for a Special Benefit.** The N.C. General Assembly has authority to pass enabling local legislation, wherein a local unit (e.g., Entity Defendant **TOWN**) may establish a special district (e.g., Sewer Treatment District), within which particular services are provided (e.g., sewer treatment services), where such enabling legislation delineates the powers, authority and responsibilities of the municipality with regard to such district, including the authority to impose local assessments (i.e., a benefits-based tax). Within this context, local assessments are a class of taxes that are imposed only upon those owners of parcels who in respect to such ownership are to derive a special benefit. Such a benefits-based tax is not levied and collected as a contribution to the maintenance of the general government, but, instead, is made a charge upon parcels upon which are conferred benefits entirely different from those received by the general public. In other words, local assessments are imposed by a local unit upon a limited class of parcel owners in return for a special benefit. These assessments are not imposed upon the citizens in common at regularly recurring periods for the purpose of providing continuous revenue, but, instead, are imposed upon a limited class of parcel owners in return for a special benefit.

13. **In S.L. 2004-96 (as Amended by S.L. 2006-54), the N.C. General Assembly Authorized Entity Defendant Town to Establish a Special District and to Levy a Benefits-Based Tax upon Owners of Benefitted Parcels.** As an example of local legislation, in S.L. 2004-96, the N.C. General Assembly enacted a local act to allow the Town of Holden Beach (and later the Town of Oak Island, pursuant to S.L. 2006-54):

(a) to create a **"fee supported sewer treatment district"** [hereinafter "Sewer Treatment District"] **"to pay the debt service for the sewer system"** as well as **"sewer services provided by the county"** and

(b) to impose an annual fee [hereinafter "Sewer Treatment District Fee/Tax"] for the **"availability of sewer service within the district"** upon **"owners of each dwelling unit or parcel of property,"** within the boundaries of the Sewer Treatment District, that **"could or does benefit from the availability of sewage treatment,"**

(c) with a purpose to provide the Town with an additional, non-operating revenue source (the recurring, annual Sewer Treatment District Fee/Tax) **"to pay the debt service for the sewer system"** as well as contemporaneous **"sewer services provided by the county."** *See* Exhibit I - S.L. 2004-96, incorporated by reference herein, a true and correct copy. The Sewer Treatment District Fee/Tax "shall be collected in the same manner as provided for in the General Statutes for the collection of ad valorem taxes." *Id.* Also, remedies available by statute for the collection of taxes shall apply to the collection of the sewer [treatment] district fees." *Id.* Specifically, S.L. 2004-96 provides as follows:

"**SECTION 1.** Fee-Supported District. – A municipality may create a fee-supported sewer treatment district for all parcels that are **or can be served by the sewage collection and treatment plant serving parcels within the Town.**

**SECTION 2.** Creation of Fee-Supported District. – The Town may adopt a resolution establishing a fee-supported sewer treatment district.

**SECTION 3.** Imposition of Annual Fees. – The Town may impose annual fees **for the availability of sewer service within the district.** The Board shall set same on or before July 1 each year.

**SECTION 4.** Fees. – The fees imposed by the municipality may not exceed the cost of providing the sewer collection facility within the municipality and the cost of the contract with a county to provide it with the facilities to transport, treat, and dispose of the municipality's effluent. **Said fees shall be imposed on owners** of each dwelling unit or parcel of parcel that **could or does benefit from the availability of sewage treatment.**

**SECTION 5.** Billing of Fees. – **The municipality may include a fee imposed under this section on the parcel tax bill for** *each parcel of parcel lying within the municipal limits on which the fee is imposed.* Said fee shall be collected in the same manner as provided for in the General Statutes for the collection of ad valorem taxes, and remedies available by statute for the collection of taxes shall apply to the collection of the sewer district fees.

**SECTION 6.** Use of Fees. – **The Town shall credit the fees collected within the district to a separate fund to be used only to pay the debt service for the sewer system.** The governing board of the municipality shall administer the fund to provide for the payment of said sewer services provided by the county. . ." Bold and italics added. Exhibit I - S.L. 2004-96.

14. **For property tax year 2009, Entity Defendant TOWN initially executes S.L. 2004-96 (as amended by S.L. 2006-54) by Establishing a Sewer Treatment District and Levying a Sewer District Treatment Fee/Tax.** On June 25, 2009:

(a)     to avoid a suggested increase in sewer user charges of 15% for FY 2010, as suggested by the *Raftelis Financial Feasibility Study* (to ensure meeting debt service and the operation/maintenance requirements for the sewer system), and

(b)     to better equalize costs between developed parcels (where customers who contract with Entity Defendant **TOWN** pay utility system costs through rates) and undeveloped parcels (where the contribution to utility system costs by undeveloped parcel owners may be limited to the payment of the special one-time assessment);

11

Entity Defendant **TOWN** adopted a resolution establishing a Sewer Treatment District and levied a Sewer Treatment District Fee/Tax of $146.15 for tax year 2009 upon all parcel owners within said District. But then, without any authority to do so, Entity Defendant **TOWN** refunded said 2009 Sewer Treatment District Fee/Tax of $146.15 to developed parcel owners (by issuing an equivalent credit to each of them on their 2009 property tax statements) so that undeveloped parcel owners would begin to pay their fair share. *See* Exhibit II – Selected Minutes of the Special Meeting of the Oak Island Town Council on June 25, 2009, incorporated by reference herein, a true and correct copy, pp. 17-20.

15. **For each of the Property Tax Years 2015-2017, Entity Defendant TOWN Continues to Execute S.L. 2004-96 (as amended by S.L. 2006-54) by Levying a Sewer District Treatment Fee/Tax and Issuing an Equivalent Credit to Developed Parcel Owners.** Similar to the resolution referenced above *in para. #14*, for each of the property tax years 2015-2017, Entity Defendant **TOWN** adopted a resolution to levy a Sewer Treatment District Fee/Tax of $803.82 upon both developed and undeveloped parcel owners within the Sewer Treatment District for the "*availability of sewer services within the district.*" Owners of undeveloped parcels are similarly situated to owners of developed parcels in that both developed parcels and undeveloped parcels are located within the Sewer Treatment District of Entity Defendant **TOWN**. But then, without any authority to do so, Entity Defendant **TOWN**, by resolution, declared that "[u]sers of the Town's utility system will be credited" the amount of the Sewer Treatment District Fee/Tax of $803.82 (not that "developed parcel owners within the Sewer Treatment District" will be credited the amount of the Sewer Treatment District Fee/Tax of $803.82 on each year's property tax statement). *See* Exhibit III – Town of Oak Island Fee Schedule, Effective July 1, 2017, incorporated by reference herein, a true and

correct copy. Within this context, "[u]sers of the Town's utility system" contract with Entity Defendant **TOWN** for services to be provided. At no time during the property tax years 2015 – 2017, were the set of persons known as "[u]sers of the Town's utility system" the same as the set of persons known as "developed parcel owners within the Sewer Treatment District." To demonstrate this incongruence: Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, are the developed parcel owners of Parcel #250CF009, located within the Sewer Treatment District at 417 Keziah Street. Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, have rented that developed parcel to Christopher J. Joyce during property tax years 2015 - 2017. In this instance, Christopher J. Joyce is the "[u]ser of the Town's utility system" and pays the sewer user charges of Entity Defendant **TOWN**. Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, are the developed parcel owners, but are not the "[u]ser of the Town's utility system."

16. **For Each of the Property Tax Years 2015-2017, Each of the Individual Town Defendants Established a Tax Classification Scheme, based upon a Tax Parcel's Status as Developed or Undeveloped, that Intentionally and Purposefully Discriminated against Undeveloped Parcel Owners.** Notwithstanding the foregoing, in executing Entity Defendant **TOWN** law pursuant to the S.L. 2004-96 (as amended by S.L. 2006-54), for each of the property tax years 2015-2017, each of the **Individual Town Defendants** established a tax classification scheme, based upon a tax parcel's status as developed or undeveloped, that intentionally and purposefully discriminated against undeveloped parcel owners because undeveloped parcel owners paid less in prior years [where the **Individual Town Defendants** initially levied a recurring, annual Sewer Treatment District Fee/Tax of $803.82 against both developed and undeveloped parcel owners within the Sewer Treatment District, but where said Defendants simultaneously issued an equivalent credit in the amount of the recurring,

annual Sewer Treatment District Fee/Tax of $803.82 to private owners of developed parcels on each year's property tax statement]. Specifically, for each of the property tax years 2015-2017, even though Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, could not be liable for the sewer user charges of Entity Defendant **TOWN**, the **Individual Town Defendants** refunded the Sewer Treatment District Fee/Tax of $803.82 that Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, owed for each of those years as the developed parcel owners of Parcel ID 250CF009, solely because Christopher J. Joyce, as the contracting party and "[user] of the Town's utility system," paid the sewer user charges of Entity Defendant **TOWN**. *See*, e.g., Exhibit IV – 2016 Property Tax Statement of Entity Defendant **TOWN** for Developed Parcel ID 250CF009, incorporated by reference herein, a true and correct copy. In other words, as the developed parcel owners in each of the property tax years 2015-2017, the **Individual Town Defendants** simply gave Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, a gift of $803.82 per year, in the form of a refunded Sewer Treatment District Fee/Tax, which was used by Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, for personal purposes, solely because Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, owned developed property within the Sewer Treatment District. As a result, for the property tax years 2015-2017, Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, as the owners of a developed parcel within the Sewer Treatment District, paid not one dollar of Sewer Treatment District Fee/Tax. Here, it is important to note the fact that, for each of the property tax years 2015-2017, Christopher J. Joyce, as the "[user] of the Town's utility system" was not given any credit by the **Individual Town Defendants** (which otherwise would have been discriminatory), even though Entity Defendant **TOWN** declared by resolution: "Users of the Town's utility system will be credited $803.82."

17. **For Property Tax Years 2015-2017, Entity Defendant TOWN never Records the Sewer Treatment District Fee/Tax Revenue Associated with Levies of Said Tax against Developed Property Owners.** With respect to developed parcels within the Sewer Treatment District, for each of the property tax years 2015-2017, the initial charge for Sewer Treatment District Fee/Tax of $803.82 on each developed parcel's property tax statement was never recorded in the books and records of Entity Defendant **TOWN**. In general, fund revenue from a levy of property tax is recognized by an increase (credit) to a fund account. However, for each of the property tax years 2015-2017, Sewer Treatment District Fee/Tax revenue is recognized from levies of Sewer Treatment District Fee/Tax against undeveloped parcel owners only. Sewer Treatment District Fee/Tax revenue is not recognized for the initial levy of Sewer Treatment District Fee/Tax charged against developed parcel owners, which is allowed under the *modified accrual basis of accounting* (with a current resources measurement focus), but only if Entity Defendant **TOWN** never intends to collect the Sewer Treatment District Fee/Tax from said developed parcel owners. Within this context, for each of the property tax years 2015-2017, Entity Defendant **TOWN** did employ the *modified accrual basis of accounting* (with a current resources measurement focus) in accounting for its enterprise funds, including the Sewer Treatment District Fee/Tax Fund. Under this method, revenues are recognized when measurable and available.

18. **For Property Tax Years 2015-2017, Entity Defendant TOWN also never Records the Issuance of the Equivalent Credit (Refund) of Sewer Treatment District Fee/Tax to Developed Property Owners.** Furthermore, with respect to developed parcels within the Sewer Treatment District, for each of the property tax years 2015-2017, the refund (credit) for Sewer Treatment District Fee/Tax of $803.82 on each developed parcel's property tax

statement was never recorded in the books and records of Entity Defendant **TOWN**. Here, there is no explanation for ignoring such a credit. In particular, for each of the property tax years 2015-2017, Entity Defendant **TOWN** did not account for a portion of monthly sewer user fees paid by the customers to constitute payments by developed parcel owners of the Sewer Treatment District Fee/Tax. A developed parcel owner's payment of the Sewer Treatment District Fee/Tax (non-operating revenue) is different from a customer's payment of a sewer user fee (operating revenue). Proprietary fund operating revenues, such as charges for sewer services, result from exchange transactions associated with the principal activity of the fund. Exchange transactions are those in which each party receives and gives up essentially equal values. Sewer user fees are paid by customers in exchange for contemporaneous sewer treatment services received.

19. **In Contrast to those Developed Parcel Owners, for Each of the Property Tax Years 2015-2017, Each Member of the Class of Undeveloped Parcel Owners within the Sewer Treatment District Paid a Sewer Treatment District Fee/Tax of $803.82 for the Special Benefit of the "availability of sewer [treatment] service within the district," Notwithstanding the Fact that Undeveloped Parcels do not Benefit from the Availability of Sewage Treatment Services.** In contrast to those developed parcel owners within the Sewer Treatment District, who do not pay one dollar of Sewer Treatment District Fee/Tax, for each of the property tax years 2015-2017, each of the Individual Plaintiffs, as well as each member of the class of undeveloped parcel owners within the Sewer Treatment District paid a Sewer Treatment District Fee/Tax of $803.82 for the special benefit of the "availability of sewer [treatment] service within the district." In effect, the class of undeveloped parcel owners within the Sewer Treatment District bear the entire burden of the Sewer Treatment

16

District Fee/Tax. Specifically, for each of the property tax years 2015-2017, Plaintiffs,￼ **JOHNSON** and **WIJAYANINGSIH**, paid a Sewer Treatment District Fee/Tax of $803.82 with respect to undeveloped Parcel ID 236OF019. *See*, e.g., Exhibit V – 2016 Property Tax Statement of Entity Defendant **TOWN** for Undeveloped Parcel ID 236OF019, incorporated by reference herein, a true and correct copy. Also, for each of the property tax years 2015-2017, Plaintiff **CASHWELL** paid a Sewer Treatment District Fee/Tax of $803.82 with respect to undeveloped Parcel (ID 235KL033). However, for each of the property tax years 2015-2017, sewer treatment services, in the present tense, were not available to undeveloped parcels, i.e., for property tax years 2015-2017, sewer treatment services, in the present tense, could not and did not provide a special benefit to undeveloped parcels. That is, undeveloped parcels within the Sewer Treatment District could not and did not benefit from the availability of sewage treatment services because undeveloped parcels had no improvements, no building permit, no connection to either water lines or sewer lines, and no guaranteed right to connect. In particular, Plaintiffs, **JOHNSON** and **WIJAYANINGSIH**, cannot improve (develop) their undeveloped Parcel (ID 236OF019) without the granting by Entity Defendant **TOWN** of a building permit. Such a process requires Entity Defendant **TOWN** approval of a sewer hookup application and the payment of various development fees. For a four (4) bedroom, three (3) bath, 2,000 square-foot home with one living area, these fees include (a) a water (wastewater) tap fee of $830 ($5,500); (b) a water (wastewater) infrastructure reimbursement fee of $592 ($2,620 + $1500 for each additional habitable room in excess of 4); and a building permit fee of $1,000 + $.36 X 800 square-feet (the excess of 2,000 total square-feet over 1,200 square-feet), for a total of $12,330. For an undeveloped parcel (e.g., Parcel ID 236OF019) to receive the special benefit of the "*availability of sewer* [treatment] *service*,"

Entity Defendant **TOWN** must furnish such parcel with some level of sewer or drainage service and/or facilities, where such level requires more than an uncertain opportunity for an unimproved parcel to connect to the sewer system, especially in this case, where said undeveloped parcel owners have no right or duty to connect. Accordingly, in this case, the improvement of an undeveloped parcel (e.g., Parcel ID 236OF019) is a condition precedent to the "*availability of sewer* [treatment] *service*" with respect to said parcel.

20. **On September 18, 2017, Plaintiff JOHNSON Served a Demand Letter upon Entity Defendant TOWN.** On September 18, 2017, on behalf of himself and as "representative of that class, consisting of all owners of unimproved lots in the Town of Oak Island, who were required to pay Sewer District Fees/Taxes to the Town of Oak Island in the *tax years* 2014, 2015, 2016, and 2017, when these fees/taxes were subject to a 100% tax credit on developed properties," Plaintiff **JOHNSON** demanded that Entity Defendant **TOWN** refund the unconstitutional tax exacted from undeveloped parcel owners within the Sewer Treatment District. See Exhibit IV – Demand Letter dated September 18, 2017. To date, no response has been received from Entity Defendant **TOWN**.

Case 7:18-cv-00109-FL   Document 1   Filed 06/20/18   Page 18 of 42

## COUNT ONE:
## REGULATORY TAKING OF PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE FIFTH
## (THROUGH THE SUBSTANTIVE DUE PROCESS CLAUSE OF THE FOURTEENTH) AMENDMENT TO THE U.S. CONSTITUTION

21. Counts One of this Complaint is a civil rights claim for money damages and declaratory and permanent injunctive relief under the United States Constitution, particularly pursuant to the provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly pursuant to Title 42 of the United States Code, Section 1983 and Title 28 of the United States Code, Sections 2201 and 2202, brought by each of the **Individual Plaintiffs**, individually and as representative of the class of undeveloped parcel owners within the Sewer Treatment District of the Town of Oak Island, NC, against:

(a) each of the **Individual Town Defendants** for money damages (actual and punitive),

(b) Entity Defendant **TOWN** for actual damages and

(c) Entity Defendant **TOWN** to permanently enjoin said Defendant from prospectively levying the recurring, annual Sewer Treatment District Fee/Tax [a benefits-based tax established under Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for the "availability of sewer service within the district"] against the class of undeveloped parcel owners within the Sewer Treatment District of the Town of Oak Island, N.C.,

in that the Sewer Treatment District Fee/Tax [a benefits-based tax established under Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for the "availability of sewer service within the district"] as applied by the **Individual Town Defendants** to the class of undeveloped parcel owners, including each of the **Individual Plaintiffs**, for property tax years 2015-2017, is confiscatory in nature and thereby a

regulatory taking of property without just compensation in violation of the Fifth (through the Substantive Due Process Clause of the Fourteenth) Amendment to the U.S. Constitution, because, for property tax years 2015-2017, sewer treatment services, in the present tense, were not available to undeveloped parcels within the Sewer Treatment District, i.e., for property tax years 2015-2017, sewer treatment services, in the present tense, could not and did not provide a special benefit to owners of undeveloped parcels within the Sewer Treatment District.

22. Each of the **Individual Plaintiffs** repeats and re-alleges each of the allegations contained in paragraphs 2 through 20 as if fully set forth herein.

23. **Jurisdiction, Venue and Standing.** This Court has Federal Question Jurisdiction by reason of Title 28, United States Code, Sections 1343(3) and 2201 and 2202. Also, this Court has Federal Question Jurisdiction by reason of Title 28, United States Code, Section 1331. Furthermore, venue is proper in this Court under Title 28, United States Code, Section 1391(b). Finally, under the facts in the instant case for property tax years 2015-2017, the **Individual Town Defendants** have subjected each of the **Individual Plaintiffs** (or caused each of the **Individual Plaintiffs** to be subjected) to the deprivation of his/her U.S. Constitutional Guarantee to be free from a regulatory taking of property without just compensation. As a result, each of the **Individual Plaintiffs** has standing to bring this claim for money damages and equitable relief.

**Deprivation of the U.S. Constitutional Guarantee of each of the Individual Plaintiffs to be Free from a Regulatory Taking of Property without Just Compensation, Flowing from the Fifth Amendment (through the Substantive Due Process Clause of the Fourteenth Amendment) to the U.S. Constitution**

24. Under the facts of the instant case, for each of the property tax years 2015-2017, just compensation (i.e., a special benefit), flowing from the Fifth Amendment (through the

Substantive Due Process Clause of the Fourteenth Amendment) to the U.S. Constitution, was required when Entity Defendant **TOWN** law established a benefits-based tax (i.e., an annual Sewer Treatment District Fee/Tax) pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for the "availability of sewer service within the district," which was to be levied against the class of undeveloped parcel owners, including each of the **Individual Plaintiffs**, within the Sewer Treatment District of the Town of Oak Island, N.C. That special benefit was the "availability of sewer service within the district," where the Sewer Treatment District Fee/Tax is justified and authorized by the "availability of sewer service within the district" and is unconstitutional and invalid without the "availability of sewer service within the district."

25. Under the facts of the instant case, for each of the property tax years 2015-2017, sewer treatment services, in the present tense, were not available to undeveloped parcels within the Sewer Treatment District, i.e., for property tax years 2015-2017, sewer treatment services, in the present tense, could not and did not provide a special benefit to owners of undeveloped parcels within the Sewer Treatment District, including each of the **Individual Plaintiffs**. Accordingly, the Sewer Treatment District Fee/Tax [a benefits-based tax established under Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for the "availability of sewer service within the district"] as applied by the **Individual Town Defendants** to the class of undeveloped parcel owners, including each of the **Individual Plaintiffs**, for property tax years 2015-2017, is confiscatory in nature and thereby a regulatory taking of property without just compensation, in violation of the Fifth (through the Substantive Due Process Clause of the Fourteenth) Amendment to the U.S. Constitution.

26. **Fourteenth Amendment State Action.** The acts alleged herein to have been done by the **Individual Town Defendants** were done (a) with the *power* granted by Entity Defendant **TOWN** and the State of North Carolina and (b) under the badge of or clothed in their *authority* as officers/employees/agents for Entity Defendant **TOWN** and therefore constitute actions of the State within the meaning of the Fourteenth Amendment to the Constitution of the United States.

27. **Color of State Law, Statute, Ordinance, Regulation, Custom or Usage.** The acts alleged herein to have been done by the **Individual Town Defendants** were done by them under color of state law, statute, ordinance, regulation, custom or usage.

28. **Actual Controversy.** There exists an actual controversy between the parties, as set forth herein.

29. **Intent.** The actions of the **Individual Town Defendants**, as herein described, were intentional and willful (or grossly negligent and reckless), with the intent (or effect) of depriving undeveloped parcel owners, including each of the **Individual Plaintiffs**, of the privileges and immunities secured to them by the Constitution of the United States, particularly the right to be free from a regulatory taking of property without just compensation, flowing from the Fifth Amendment (through the Substantive Due Process Clause of the Fourteenth Amendment) to the U.S. Constitution.

30. **Causation.** The actions of the **Individual Town Defendants**, as herein described, were the actual and proximate cause of the deprivation of the right of undeveloped parcel owners, including each of the **Individual Plaintiffs**, to be free from a regulatory taking of property without just compensation, secured by the Fifth Amendment (through the Substantive Due Process Clause of the Fourteenth Amendment) to the U.S. Constitution.

**Defendants' Continued Conduct and Chilling Effect**

31. Each undeveloped parcel owner, including each of the **Individual Plaintiffs**, is suffering
    (and will continue to suffer in the future) irreparable injury because of the actions of the
    **Individual Town Defendants**. Such irreparable injury is sourced out of the continued
    deprivation of each undeveloped parcel owner, including each of the **Individual Plaintiffs**,
    of his/her right to be free from a regulatory taking of property without just compensation,
    secured by the Fifth Amendment (through the Substantive Due Process Clause of the
    Fourteenth Amendment) to the U.S. Constitution.

32. The actions of the **Individual Town Defendants**, as herein described, to deprive each
    undeveloped parcel owner, including each of the **Individual Plaintiffs**, of his/her right to be
    free from a regulatory taking of property without just compensation, secured by the Fifth
    Amendment (through the Substantive Due Process Clause of the Fourteenth Amendment) to
    the U.S. Constitution will continue, where a substantial loss or impairment of such right to be
    free from a regulatory taking of property without just compensation, has occurred and will
    continue to occur so long as the actions of the **Individual Town Defendants** continue.

33. The threat of a deprivation of the right of each undeveloped parcel owner, including each of
    the **Individual Plaintiffs**, to be free from a regulatory taking of property without just
    compensation, secured by the Fifth Amendment (through the Substantive Due Process Clause
    of the Fourteenth Amendment) to the U.S. Constitution, continues, where each undeveloped
    parcel owner, including each of the **Individual Plaintiffs**, is in constant fear of receiving
    another tax statement for his/her undeveloped parcel within the Sewer Treatment District,
    thereby further depriving each undeveloped parcel owner, including each of the **Individual
    Plaintiffs**, of his/her right to be free from a regulatory taking of property without just

compensation, secured by the Fifth Amendment (through the Substantive Due Process Clause of the Fourteenth Amendment) to the U.S. Constitution.

34. **No Plain, Adequate, and Complete Remedy.** Each undeveloped parcel owner, including each of the **Individual Plaintiffs**, has no plain, adequate, and complete remedy to speedily redress the wrongs complained of other than this cause of action, where any other remedy to which said person could be remitted would be (a) attended by such uncertainties and delays as to deny said person substantial relief, involve a multitude of suits, and cause said person further irreparable injury, damage and inconvenience and (b) inadequate to protect said person from the continuing actions of the **Individual Town Defendants** and the chilling effect that such actions have had on the U.S. Constitution Guarantees of said person.

35. **Injuries Proximately Caused.** As a direct and proximate result of the actions of the **Individual Town Defendants**, as herein described, the undeveloped parcel owners, including each of the **Individual Plaintiffs**, have suffered injuries flowing from the deprivation of such persons' right to be free from a regulatory taking of property without just compensation, secured by the Fifth Amendment (through the Substantive Due Process Clause of the Fourteenth Amendment) to the U.S. Constitution, in an amount equal to $10,000,000 of general and special damages.

36. **Punitive Damages.** The **Individual Town Defendants**' conduct, policies and practices and their effects, as described herein, demonstrate a specific intent to violate a knowable right of each undeveloped parcel owner, including each of the **Individual Plaintiffs**, where the violation of such right is so clear at the time of deprivation that reasonably competent people would have agreed that given the **Individual Town Defendants**' conduct, policies and practices and their resulting effects, a violation of the constitutional rights of each

undeveloped parcel owner, including each of the **Individual Plaintiffs**, would have occurred. Further, the acts of the **Individual Town Defendants**, as enumerated herein, were committed with either (a) malice or (b) reckless indifference, thereby constituting willful or wanton conduct and accordingly justify the awarding of exemplary or punitive damages in the amount of $5,000,000 to deter similar or repetitious acts by said Defendants.

## COUNT TWO:
## FACIAL AND IMPERMISSIBLE (AS APPLIED)
## DEPRIVATION OF EQUAL PROTECTION OF THE LAW,
## IN VIOLATION OF THE EQUAL PROTECTION CLAUSE,
## U.S. CONST. AMEND. XIV, § 1

37. Count Two of this Complaint is a civil rights claim for money damages and declaratory and permanent injunctive relief under the United States Constitution, particularly pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, and under federal law, particularly pursuant to Title 42 of the United States Code, Section 1983 and Title 28 of the United States Code, Sections 2201 and 2202, brought by each of the **Individual Plaintiffs**, individually and as representative of the class of undeveloped parcel owners within the Sewer Treatment District of the Town of Oak Island, N.C., against:

(a) the **Individual Town Defendants** for money damages (actual and punitive),

(b) Entity Defendant **TOWN** for actual damages and

(c) Entity Defendant **TOWN** to permanently enjoin said Defendant from prospectively levying a recurring, annual Sewer Treatment District Fee/Tax [a benefits-based tax established under Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for the "availability of sewer service within the district"] against both developed and undeveloped parcel owners within the Sewer Treatment District of the Town of Oak Island, N.C. (hereinafter, "Sewer Treatment District"), where Entity Defendant **TOWN** simultaneously issues a credit to the private owners of developed parcels in the amount of the Sewer Treatment District Fee/Tax on each year's property tax statement,

in that, in executing Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for property tax years 2015-2017, each of the **Individual Town Defendants** intentionally and purposefully conspired to establish (and, in fact, established) a tax classification scheme, based upon a tax parcel's status as developed or undeveloped [where the **Individual Town Defendants** initially levied a recurring, annual Sewer Treatment District Fee/Tax of $803.82 against both developed and undeveloped parcel owners within the Sewer Treatment District, but where said Defendants simultaneously issued a credit in the amount of the recurring, annual Sewer Treatment District Fee/Tax of $803.82 to private owners of developed parcels on each year's property tax statement because undeveloped parcel owners paid less in prior years], that **facially** and **impermissibly** (as applied) deprived each owner of an undeveloped parcel, including each of the **Individual Plaintiffs**, of Equal Protection of the law, in violation of the Equal Protection Clause, U.S. Const. amend. XIV, § 1.

38. Each of the **Individual Plaintiffs** repeats and re-alleges each of the allegations contained in paragraphs 2 through 20 as if fully set forth herein.

39. **Jurisdiction, Venue and Standing.** This Court has Federal Question Jurisdiction by reason of Title 28, United States Code, Sections 1343(3) and 2201 and 2202. Also, this Court has Federal Question Jurisdiction by reason of Title 28, United States Code, Section 1331. Furthermore, venue is proper in this Court under Title 28, United States Code, Section 1391(b). Finally, under the facts in the instant case, for each of the property tax years 2015-2017, the **Individual Town Defendants** have subjected each owner of an undeveloped parcel, including each of the **Individual Plaintiffs** (or caused said persons to be subjected), to a deprivation of said person's U.S. Constitutional Guarantee of Equal Protection under the

Entity Defendant **TOWN** law levying a Sewer Treatment District Fee/Tax against parcel owners within the Sewer Treatment District for the "availability of sewer service within the district." As a result, each owner of an undeveloped parcel within the Sewer Treatment District, including each of the **Individual Plaintiffs**, has standing to bring this claim for money damages and equitable relief.

**Deprivation of the U.S. Constitutional Guarantee of Equal Protection of
Each Owner of an Undeveloped Parcel within the Sewer Treatment District,
Including each of the Individual Plaintiffs, Flowing from
The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution**

40. Under the facts in the instant case, for property tax years 2015-2017, owners of undeveloped parcels are similarly situated to owners of developed parcels, in that both developed parcels and undeveloped parcels are located within the Sewer Treatment District of Entity Defendant **TOWN**. Accordingly, in the establishment and execution of Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54), for property tax years 2015-2017, and the resulting annual levy of a Sewer Treatment District Fee/Tax against parcel owners within the Sewer Treatment District for the "availability of sewer service within the district," each owner of an undeveloped parcel within the Sewer Treatment District, including each of the **Individual Plaintiffs**, is guaranteed Equal Protection under such Entity Defendant **TOWN** law, which is secured by the Equal Protection Clause, U.S. Const. amend. XIV, § 1.

41. Based upon the facts in the instant case, for each of the property tax years 2015-2017, Entity Defendant **TOWN** adopted a resolution to levy a Sewer Treatment District Fee/Tax of $803.82 upon both developed and undeveloped parcel owners within the Sewer Treatment District for the "*availability of sewer services within the district.*" But then, without any authority to do so, Entity Defendant **TOWN**, by resolution, declared that "[u]sers of the Town's utility system will be credited" the amount of the Sewer Treatment District Fee/Tax of $803.82 (not that

"developed parcel owners within the Sewer Treatment District" will be credited the amount of the Sewer Treatment District Fee/Tax of $803.82 on each year's property tax statement). Furthermore, in executing Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for each of the property tax years 2015-2017, each of the **Individual Town Defendants** intentionally and purposefully conspired to establish (and, in fact, established) a tax classification scheme, based upon a tax parcel's status as developed or undeveloped [where the **Individual Town Defendants** initially levied a recurring, annual Sewer Treatment District Fee/Tax of $803.82 against both developed and undeveloped parcel owners within the Sewer Treatment District, but where said Defendants simultaneously issued a credit in the amount of the recurring, annual Sewer Treatment District Fee/Tax of $803.82 to private owners of developed parcels on each year's property tax statement (because undeveloped parcel owners paid less in prior years)]. Such a tax classification scheme **facially** and **impermissibly** (as applied) deprived each owner of an undeveloped parcel within the Sewer Treatment District, including each of the **Individual Plaintiffs**, of Equal Protection of such Entity Defendant **TOWN** law, in violation of the Equal Protection Clause, U.S. Const. amend. XIV, § 1. Specifically, the law of Entity Defendant **TOWN** **facially discriminated** against undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, in favor of developed parcel owners within the Sewer Treatment District. Furthermore, the law of Entity Defendant TOWN, as applied to undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, **discriminated** against those undeveloped parcel owners, including each of the **Individual Plaintiffs**, in favor of developed parcel owners within the Sewer Treatment District.

42. As shown above in Count I, for each of the property tax years 2015-2017, the tax classification scheme of Entity Defendant **TOWN**, which is based upon a tax parcel's status as developed or undeveloped, where the **Individual Town Defendants** issued a recurring, annual credit in the amount of the Sewer Treatment District Fee/Tax to private owners of developed parcels on each year's property tax statement, facially and impermissibly (as applied) interfered with the exercise of a fundamental right (i.e., the right of each owner of an undeveloped parcel within the Sewer Treatment District, including each of the **Individual Plaintiffs,** to be free from a regulatory taking of property without just compensation, which is secured by the Fifth Amendment (through the Substantive Due Process Clause of the Fourteenth Amendment) to the U.S. Constitution. As a consequence, a Court must use strict scrutiny in determining whether the Equal Protection of the Entity Defendant **TOWN** law, which levies a Sewer Treatment District Fee/Tax against parcel owners within the Sewer Treatment District of Entity Defendant **TOWN** for the "availability of sewer service within the district," was denied each owner of an undeveloped parcel within the Sewer Treatment District, including each of the **Individual Plaintiffs,** in violation of the Equal Protection Clause, U.S. Const. amend. XIV, § 1. Moreover, Entity Defendant **TOWN** cannot demonstrate that such recurring, annual levy of a Sewer Treatment District Fee/Tax, incorporating a tax classification scheme based upon a tax parcel's status as developed or undeveloped, where the **Individual Town Defendants** issued a recurring, annual credit in the amount of the Sewer Treatment District Fee/Tax to private owners of developed parcels for each of the property tax years 2015-2017, was necessary to promote a compelling governmental interest. The interest which was to be promoted was the generation of revenue for the recurring payment of Entity Defendant **TOWN**'s "debt service for the sewer system"

as well as contemporaneous "sewer services provided by the county" from those tax parcels that benefit from the "availability of sewer [treatment] service within the district." Section 6 of S.L. 2004-96 (as amended by S.L. 2006-54). Furthermore, it was counterproductive to have tax parcels within the boundaries of the Sewer Treatment District classified into developed and undeveloped parcels so that the developed parcel owners receive a credit in the amount of the Sewer Treatment District Fee/Tax, thereby effectively paying no fee/tax, while, at the same time, undeveloped parcel owners receive no credit, thereby effectively burdening undeveloped parcel owners with the entire Sewer Treatment District Fee/Tax.

43. In the alternative, a Court uses a rational basis test in determining whether Equal Protection of the Entity Defendant **TOWN** law, which levies a Sewer Treatment District Fee/Tax against parcel owners within the Sewer Treatment District of Entity Defendant **TOWN** for the "availability of sewer service within the district," was denied each owner of an undeveloped parcel within the Sewer Treatment District, including each of the **Individual Plaintiffs**, in violation of the Equal Protection Clause, U.S. Const. amend. XIV, § 1. Specifically, within the context of the Entity Defendant **TOWN** law, which levied a Sewer Treatment District Fee/Tax against parcel owners within the Sewer Treatment District of Entity Defendant **TOWN** for the "availability of sewer service within the district" for each of the property tax years 2015-2017, but where the **Individual Town Defendants** issued a recurring, annual credit in the amount of the Sewer Treatment District Fee/Tax to private owners of developed parcels, the disparate effects of such tax classification scheme of Entity Defendant **TOWN**, which is based upon a tax parcel's status as developed or undeveloped, nevertheless runs afoul of the Equal Protection Clause, U.S. Const. amend. XIV, § 1, since a rational basis by Entity Defendant Town cannot be found to justify said classification's disparate effects. This

is so because the tax classification scheme of Entity Defendant **TOWN** for each of the property tax years 2015-2017, which is based upon a tax parcel's status as developed or undeveloped, where the **Individual Town Defendants** issued a recurring, annual credit in the amount of the Sewer Treatment District Fee/Tax to private owners of developed parcels on each year's property tax statement, facially and impermissibly (as applied) violates four sections of the Constitution of North Carolina, including:

- the principles under Article Five, Section 2(2), because the Sewer Treatment District Fee/Tax facially and impermissibly (as applied) lacks uniformity (i.e., since some similarly situated tax parcels are effectively subject to the tax, while others are not);

- Article Seven, Section 1 and Article Five, Section 2(1), because the Sewer Treatment District Fee/Tax facially and impermissibly (as applied) is an unjust and inequitable tax, wherein Entity Defendant **TOWN** has exceeded its taxation authority (e.g., the enabling act allows the use of such tax revenues only for the payment of debt service, etc., whereas the **Individual Town Defendants** have used such revenue to issue a credit to owners of developed parcels);  and

- Article Five, Section 4(3), because the Sewer Treatment District Fee/Tax facially and impermissibly (as applied) authorized the creation of a debt to owners of developed parcels, wherein public funds were expended for private purposes, as the **Individual Town Defendants** conferred benefits on owners of developed parcels.

44. **Fourteenth Amendment State Action.** The acts alleged herein to have been done by the **Individual Town Defendants** were done (a) with the *power* granted by entity Defendant **TOWN** and the State of North Carolina and (b) under the badge of or clothed in their *authority* as officers/employees/agents for Entity Defendant **TOWN** and therefore constitute

actions of the State within the meaning of the Fourteenth Amendment to the Constitution of the United States.

45. **Color of State Law, Statute, Ordinance, Regulation, Custom or Usage.** The acts alleged herein to have been done by the **Individual Town Defendants** were done by them under color of state law, statute, ordinance, regulation, custom or usage.

46. **Actual Controversy.** There exists an actual controversy between the parties, as set forth herein.

47. **Intent.** The actions of the **Individual Town Defendants**, as herein described, were intentional and willful (or grossly negligent and reckless), with the intent (or effect) of depriving each of the undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, of the privileges and immunities secured to him/her by the Constitution of the United States, particularly the right of said person to a guarantee of Equal Protection under the Entity Defendant **TOWN** law, which levies  a Sewer Treatment District Fee/Tax against parcel owners within the Sewer Treatment District of Entity Defendant **TOWN** for the "availability of sewer service within the district," where such right is secured by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

48. **Causation.** The actions of the **Individual Town Defendants** were the actual and proximate cause of the deprivation of the guaranteed right of each of the undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, not to be deprived of Equal Protection under the entity Defendant **TOWN** law, which levies a Sewer Treatment District Fee/Tax against parcel owners within the Sewer Treatment District of Entity Defendant **TOWN** for the "availability of sewer service within the district," where

such right is secured by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

**Defendants' Continued Conduct and Chilling Effect**

49. Each of the undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, is suffering (and will continue to suffer in the future) irreparable injury because of the actions of the **Individual Town Defendants** described herein. Such irreparable injury is sourced out of such person's continued deprivation of his/her right not to be deprived of Equal Protection under the Entity Defendant **TOWN** law, which levies a Sewer Treatment District Fee/Tax against parcel owners within the Sewer Treatment District of Entity Defendant **TOWN** for the "availability of sewer service within the district," where such right is secured by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

50. The actions of the **Individual Town Defendants**, as herein described, to deprive each of the undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, of Equal Protection will continue, where a substantial loss or impairment of such person's right not to be deprived of Equal Protection under the Entity Defendant **TOWN** law, which levies a Sewer Treatment District Fee/Tax against parcel owners within the Sewer Treatment District of Entity Defendant **TOWN** for the "availability of sewer service within the district," has occurred and will continue to occur so long as the actions of the **Individual Town Defendants** continue.

51. The threat of a deprivation of the guaranteed right of each of the undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, to Equal Protection under the Entity Defendant **TOWN** law, which levies a Sewer Treatment District

Fee/Tax against parcel owners within the Sewer Treatment District of Entity Defendant **TOWN** for the "availability of sewer service within the district," continues, where each of said persons is in constant fear of receiving another tax statement for his/her undeveloped parcel, thereby further depriving each of said persons of his/her guaranteed right to Equal Protection under such Entity Defendant **TOWN** law. As a result, the personal liberties of each of the undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, have been (and are) chilled by the actions of the **Individual Town Defendants** herein described.

52. **No Plain, Adequate, and Complete Remedy.** Each of the undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, has no plain, adequate, and complete remedy to speedily redress the wrongs complained of other than this cause of action, where any other remedy to which each of said persons could be remitted would be (a) attended by such uncertainties and delays as to deny each of said persons substantial relief, involve a multitude of suits, and cause each of said persons further irreparable injury, damage and inconvenience and (b) inadequate to protect each of said persons from the continuing actions of the **Individual Town Defendants** and the chilling effect that such actions have had on the U.S. Constitutional Guarantees of each of said persons.

53. **Injuries Proximately Caused.** As a direct and proximate result of the actions of the **Individual Town Defendants**, as herein described, the undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, have suffered injuries flowing from the deprivation of their guaranteed right not to be deprived of Equal Protection under the Entity Defendant **TOWN** law, which levies a Sewer Treatment District

Fee/Tax against parcel owners within the Sewer Treatment District of Entity Defendant **TOWN** for the "availability of sewer service within the district," in an amount equal to $10,000,000 of general and special damages.

54. **Punitive Damages.** The **Individual Town Defendants'** conduct, policies and practices and their effects, as described herein, demonstrate a specific intent to violate a knowable right of each of the undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs,** where the violation of such right is so clear at the time of deprivation that reasonably competent people would have agreed that given the **Individual Town Defendants'** conduct, policies and practices and their resulting effects, a violation of such persons' constitutional rights would have occurred. Further, the acts of the **Individual Town Defendants,** as enumerated herein, were committed with either (a) malice or (b) reckless indifference, thereby constituting willful or wanton conduct and accordingly justify the awarding of exemplary or punitive damages in the amount of $5,000,000 to deter similar or repetitious acts by said Defendants.

**WHEREFORE,** Plaintiffs pray for MONEY DAMAGES and EQUITABLE RELIEF as follows:

## COUNTS I - MONEY DAMAGES

Judgment, jointly and severally, against each of the **Individual TOWN Defendants,** as follows:

--     for general and special damages in an amount equal to $10,000,000.

--     for exemplary or punitive damages in the amount of $5,000,000 to deter similar or repetitious actions by each of said Defendants.

Judgment against Entity Defendant **TOWN,** as follows:

--     for general and special damages in an amount equal to $10,000,000.

Judgment against Entity Defendant **TOWN** and each of the **Individual TOWN Defendants,** as follows:

--     for reasonable attorney's fees,

--     for costs of suit herein incurred,

--     for pre- and post-judgment interest, and

--     for such other and further relief as the Court deems equitable in the circumstances.

## COUNT I - EQUITABLE RELIEF

-     A declaratory judgment that the Sewer Treatment District Fee/Tax [a benefits-based tax established under Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for the "availability of sewer service within the district"] as applied by the **Individual Town Defendants** to the class of undeveloped parcel owners, including each of the **Individual Plaintiffs,** for property tax years 2015-2017, is confiscatory in nature and thereby a regulatory taking of property without just compensation in violation of the Fifth (through the Substantive Due Process Clause of the Fourteenth) Amendment to the U.S.

Constitution, because, for property tax years 2015-2017, sewer treatment services, in the present tense, were not available to undeveloped parcels.

- A preliminary and permanent injunction enjoining Entity Defendant **TOWN** from applying the Sewer Treatment District Fee/Tax [a benefits-based tax established under Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for the "availability of sewer service within the district"] against the class of undeveloped parcel owners, because, sewer treatment services, in the present tense, are not available to undeveloped parcels, and to do otherwise would be confiscatory and thereby a regulatory taking of property without just compensation in violation of the Fifth (through the Substantive Due Process Clause of the Fourteenth) Amendment to the U.S. Constitution.

COUNTS II - MONEY DAMAGES

Judgment, jointly and severally, against each of the **Individual TOWN Defendants**, as follows:

--    for general and special damages in an amount equal to $10,000,000.

--    for exemplary or punitive damages in the amount of $5,000,000 to deter similar or repetitious actions by each of said Defendants.

Judgment against Entity Defendant **TOWN**, as follows:

--    for general and special damages in an amount equal to $10,000,000.

Judgment against Entity Defendant **TOWN** and each of the **Individual TOWN Defendants**, jointly and severally, as follows:

--  for reasonable attorney's fees,

--  for costs of suit herein incurred,

--  for pre- and post-judgment interest, and

--  for such other and further relief as the Court deems equitable in the circumstances.

COUNT II - EQUITABLE RELIEF

- A declaratory judgment that in executing Entity Defendant **TOWN** law pursuant to S.L. 2004-96 (as amended by S.L. 2006-54) for property tax years 2015-2017, each of the **Individual Town Defendants** intentionally and purposefully conspired to establish (and, in fact, established) a tax classification scheme, based upon a tax parcel's status as developed or undeveloped [where the **Individual Town Defendants** initially levied a recurring, annual Sewer Treatment District Fee/Tax of $803.82 against both developed and undeveloped parcel owners within the Sewer Treatment District, but where said Defendants simultaneously issued a credit in the amount of the recurring, annual Sewer Treatment District Fee/Tax of $803.82 to private owners of developed parcels on each year's property tax statement because undeveloped parcel owners paid less in prior years], that **facially** and **impermissibly** (as applied) deprived the class of undeveloped parcel owners within the Sewer Treatment District, including each of the **Individual Plaintiffs**, of Equal Protection of the law, in violation of the Equal Protection Clause, U.S. Const. amend. XIV, § 1.

- A preliminary and permanent injunction enjoining Entity Defendant **TOWN** from establishing a tax classification scheme, based upon a tax parcel's status as developed or undeveloped [where the **Individual Town Defendants** initially levy a recurring, annual Sewer Treatment District Fee/Tax against both developed and undeveloped parcel owners within the Sewer Treatment District, but where said Defendants simultaneously issue a credit in the amount of the recurring, annual Sewer Treatment District Fee/Tax to private owners of developed parcels on each year's property tax statement because undeveloped parcel owners paid less in prior years], because said tax classification scheme **facially** and **impermissibly** (as applied) deprives the class of undeveloped parcel owners within the Sewer Treatment

District of Equal Protection of the law, in violation of the Equal Protection Clause, U.S.

Const. amend. XIV, § 1.

Dated: June 19, 2018

**HELEN C CASHWELL, TRUSTEE,**
**Plaintiff Pro Se**

Helen C Cashwell, Trustee
3407 E. Yacht Drive
Oak Island, NC 28465
(910)

**BRAD R. JOHNSON, Plaintiff**
**Pro Se**

Brad R. Johnson, Ph.D., J.D., C.P.A. (Inactive, OR, #4278)
111 SE 14th Street
Oak Island, NC 28465
(843) 661-1427

**ELCI WIJAYANINGSIH,**
**Plaintiff Pro Se**

Elci Wijayaningsih
111 SE 14th Street
Oak Island, NC 28465
(843) 661-142

## DEMAND FOR JURY

Each of the **Individual Plaintiffs** demands a jury trial on all Counts of this Complaint.

Dated: June 19, 2018

*Helen C Cashwell*
**HELEN C CASHWELL, TRUSTEE,**
**Plaintiff Pro Se**

Helen C Cashwell, Trustee
3407 E. Yacht Drive
Oak Island, NC  28465
(910)

*Brad R. Johnson*
**BRAD R. JOHNSON, Plaintiff**
**Pro Se**

Brad R. Johnson, Ph.D., J.D., C.P.A. (Inactive, OR, #4278)
111 SE 14th Street
Oak Island, NC  28465
(843) 661-1427

*Elci Wijayaningsih*
**ELCI WIJAYANINGSIH,**
**Plaintiff Pro Se**

Elci Wijayaningsih
111 SE 14th Street
Oak Island, NC  28465
(843) 661-142

## <u>VERIFICATION</u>

Under penalties of perjury, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters stated to be on information and belief and as to such matters the undersigned certifies that he believes the same to be true.

Dated: June 19, 2018

**HELEN C CASHWELL, TRUSTEE,**
**Plaintiff Pro Se**

Helen C Cashwell, Trustee
3407 E. Yacht Drive
Oak Island, NC 28465
(910)

**BRAD R. JOHNSON, Plaintiff**
**Pro Se**

Brad R. Johnson, Ph.D., J.D., C.P.A. (Inactive, OR, #4278)
111 SE 14th Street
Oak Island, NC 28465
(843) 661-1427

**ELCI WIJAYANINGSIH,**
**Plaintiff Pro Se**

Elci Wijayaningsih
111 SE 14th Street
Oak Island, NC 28465
(843) 661-142